IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RALPH BOBIAN, | |
| Plaintiff, | **8:25CV355** |
| vs. | |
| DR. KALYANA NANDAPATI,  ALEGENT HEALTH - BERGAN MERCY HEALTH SYSTEMS,  ALEGENT CREIGHTON CLINIC, and  JOHN DOE, INC., | **ORDER** |
| Defendants. | |

Before the Court is the parties' Joint Motion for Settlement, Filing No. 84, pursuant to the Nebraska Hospital–Medical Liability Act, Neb. Rev. Stat. § 44-2801 et seq.  The State of Nebraska Excess Liability Fund is a party to the proposed settlement agreement.

Plaintiff, Ralph Bobian, suffers from esophageal cancer.  He received diagnostic testing relating to his condition from Defendants, Dr. Kalyana Nandipati,[1] Alegent Health – Bergan Mercy Health Systems, and Alegent Creighton Clinic in 2021.

In 2025, Plaintiff brought a civil action alleging Defendants negligently failed to inform him of the positive results of the 2021 diagnostic testing.  Bobian alleged this resulted in his cancer remaining untreated for more than three years until he was diagnosed by separate testing in 2024.  Following a successful mediation, the parties entered into a settlement agreement and filed the present motion.

Because the settlement in this case involves the Nebraska Excess Liability Fund, Neb. Rev. Stat. §§ 44-2833(5) & (6) require the Court to "set the matter for trial," review

---

[1] During the hearing, the Court confirmed that the proper spelling of Defendant's name is "Nandipati" rather than "Nandapati" as it was erroneously spelled in the first complaint and as it therefore appears on the docket.  *See, e.g.*, Filing No. 1 at 1.

1

the relevant evidence, and "determine whether or not the settlement should be approved." Accordingly, the Court held a hearing on February 5, 2026. The Court has reviewed the submissions from the parties, including the Settlement Agreement. Based on that review, the Court finds that Defendant Alegent Creighton Clinic ("ACC") is and was at all times relevant to this action, a health care provider duly qualified under the Act. The Court further finds that the Settlement Agreement is fair and reasonable for all parties, complies with the Act, and should be approved. Therefore,

IT IS ORDERED:

1. The parties' Joint Motion for Settlement, Filing No. 84, is granted.

2. The Settlement Agreement is approved.

3. The Fund, pursuant to the Act, is authorized to and shall pay the sum necessary to fulfill its obligation under the compromise settlement between the parties; and the director and/or his agents are authorized to execute any documents necessary to carry out such settlement.

4. Within thirty (30) days of this Order, the parties shall file an appropriate stipulation dismissing the case. The parties are advised that failure to comply with this deadline will result in dismissal of the case without further notice.

Dated this 5th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2